J-S47001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC JAMES EDELINE | |
| Appellant | No. 1441 EDA 2008 |

Appeal from the PCRA Order April 18, 2008
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1001831-2004

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                          **FILED AUGUST 27, 2014**

Appellant, Eric James Edeline, appeals from the April 18, 2008 order dismissing, without a hearing, his amended petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Additionally, Appellant's counsel has filed a motion to withdraw as PCRA counsel together with a **Turner**/**Finley** letter, averring Appellant's issues are without merit.[1]  After careful review, we affirm the denial of PCRA relief, and grant PCRA counsel's motion to withdraw.

The pertinent factual and procedural history of this case follows. Appellant was arrested on August 20, 2004, in connection with the stabbing

---

[1]  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super 1988) (*en banc*).

of victim, Tom Murphy in the 2200 block of York Street in the City of Philadelphia. The case proceeded to a jury trial.

> After a trial commencing on August 4, 2005, and ending August 5, 2005, [Appellant] was found guilty of first-degree felony aggravated assault, 18 Pa.C.S. § 2702, and possessing an instrument of crime (PIC), 18 Pa.C.S. § 907, by a jury. On September 28, 2005, [Appellant] was sentenced to 10 to 20 years['] incarceration for his aggravated assault conviction, and concurrently sentence[d] to 2 ½ to 5 years['] incarceration for PIC.[1]
>
> An appeal was filed on October 18, 2005, but later marked discontinue[d] by the Superior Court on April 20, 2006 (2972 EDA 2005). On September 29, 2006, [Appellant] filed a *pro se* Petition for Relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541, *et seq*. On February 21, 2007, Norman Orville Scott, Esquire, was appointed to represent [Appellant]. On October 12, 2007, an Amended PCRA Petition was filed, claiming that "[t]he [trial] court erred in sentencing [Appellant] pursuant to the second strike provision of the sentencing code thereby imposing an illegal sentence".[2] On January 31, 2008, a Motion To Dismiss was filed by the Commonwealth. On March 10, 2008, th[e PCRA] court filed a dismissal Notice pursuant to Pa. R.Crim. P. 907. On April 18, 2008, th[e PCRA] court entered an Order dismissing [Appellant's] PCRA petition.

_____

[1] The court determined that this conviction was a second conviction for a crime of violence under 42 Pa.C.S. §9714(a)(1), after the Commonwealth introduced the Common Pleas Quarter Session file, CP-51-CR-0605361-2001, establishing that [Appellant] had previously been convicted of first-degree felony robbery on November 1, 2001.

[2] In the "Issue Presented" section of his Amended Petition, [Appellant] queried, "Did the sentencing

court [err] in sentencing [Appellant] pursuant [to] the two strikes provision of the sentencing code where [Appellant] had not previously been provided a sufficient opportunity to rehabilitate himself[?]"

PCRA Court Opinion, 7/25/08, at 1-2 (footnotes in original).

Appellant filed a timely notice of appeal on May 16, 2008.[2] Concurrently with his notice of appeal, Appellant filed a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), although not ordered to do so. The trial court filed its Rule 1925(a) opinion on July 25, 2008. On March 20, 2014, Appellant's counsel filed a **Turner**/**Finley** letter brief, together with a motion to withdraw as counsel. Appellant has not filed any response.

On appeal, Counsel raises the following issue for our review.

[1.] Did the PCRA court err in finding the sentence imposed following [Appellant's] trial was lawful and dismissing the PCRA petition without a hearing?

**Turner**/**Finley** Letter Brief at 3.

Prior to considering Appellant's issue, we must review PCRA counsel's request to withdraw from representation. Our Supreme Court has

_____

[2] The inordinate delay since the filing of the notice of appeal was occasioned by the inexcusable inactivity of Appellant's court-appointed counsel, requiring this Court to issue two remands to the trial court to determine the status of counsel's representation and an order for compliance, on October 10, 2008, February 6, 2013, and August 23, 2013, respectively.

- 3 -

articulated the requirements PCRA counsel must adhere to when requesting to withdraw, which include the following.

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless[.]

**Commonwealth v. Pitts**, 981 A.2d 875, 876 (Pa. 2009), *quoting* **Finley**, **supra** at 215.  "Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of **Turner/Finley**, the court - trial court or this Court - must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.  By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Id.** (citation omitted).

Instantly, we determine that PCRA counsel has complied with the requirements of **Turner**/**Finley**.  Specifically, PCRA counsel's **Turner**/**Finley** letter and petition to withdraw detail the nature and extent of PCRA

counsel's review, address the claims Appellant raised in his *pro se* PCRA petition and determine that the sole issue lacks merit. PCRA counsel provides a discussion of Appellant's claim, explaining why the issue is without merit. Additionally, counsel served Appellant with a copy of the petition to withdraw and **Turner**/**Finley** brief, advising Appellant that, if PCRA counsel was permitted to withdraw, Appellant had the right to proceed *pro se* or with privately retained counsel. As noted, Appellant has not filed any response. We proceed, therefore, to conduct an independent merits review of Appellant's claim.

> We begin by noting the following standard of review, guiding our consideration of this appeal. "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." **Commonwealth v. Calhoun**, 52 A.3d 281, 284 (Pa. Super. 2012) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Garcia**, 23 A.3d 1059, 1061 (Pa. Super. 2011) (internal quotation marks and citation omitted), *appeal denied,* ––– Pa. ––––, 38 A.3d 823 (2012). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." **Commonwealth v. Johnson**, 600 Pa. 329, 966 A.2d 523, 532 (2009) (internal quotation marks and citations omitted).

**Commonwealth v. Nero**, 58 A.3d 802, 805 (Pa. Super. 2012), *appeal denied*, 72 A.3d 602 (Pa. 2013).

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if

the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012), *quoting Commonwealth v. Turetsky*, 925 A.2d 876, 882 (Pa. Super. 2007) (internal citations omitted), *appeal denied,* 940 A.2d 365 (Pa. 2007); *see also* Pa.R.Crim.P. 907.

Appellant argues that the trial court erred by sentencing him under 42 Pa.C.S.A. § 9714(a)(1) as a second-strike offender. *Turner*/*Finley* Letter Brief at 1. In his PCRA petition, Appellant cited *Commonwealth v. Shiffler*, 879 A.2d 185 (Pa. 2005) as standing for the proposition that Pennsylvania's recidivist statute's sentence enhancement was conceived "to punish more severely offenders who have persevered in criminal activity despite the theoretical beneficial effect of penal discipline." Memorandum of Law in Support of Amended PCRA Petition, 10/12/13, at 5, *quoting*, *id.* at 195. Appellant argued that his acceptance of responsibility by pleading to robbery in 2001 should not qualify as a predicate first strike because "the clear message of the *Shiffler* [C]ourt is that the mere conviction of a violent felony of the first degree is insufficient to trigger where the defendant enters a guilty plea and receives a county sentence." *Id.* at 6.

The Commonwealth and the trial court claim that Appellant's issue is waived because he could have raised the issue before the trial court at the time of sentencing or on direct appeal but did not. Commonwealth's Brief at 4, *citing* 42, Pa.C.S.A. §§ 9543(a)(3), and 9544(b) (proscribing PCRA relief for allegations of error that have or could have been raised before or at trial, or on direct appeal); Trial Court Opinion, 7/25/08, at 2-3 (finding waiver on the same ground).

However, Appellant's issue implicates the legality of his sentence. **See Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa. Super. 2014) (recognizing a challenge to the imposition of a mandatory sentence under Section 9714(a)(1) is a challenge to the legality of a sentence).

> It is well-established that such a claim constitutes a nonwaivable challenge to the legality of the sentence. Thus, even though Appellant's claims were not first presented to the PCRA court in Appellant's PCRA petition or in his Rule 1925(b) concise statement as challenges to the legality of the sentence, they cannot be waived.

**Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014). Further, a legality of sentence issue is cognizable in a timely PCRA even if not raised at sentencing or on direct appeal. **Id.**; **see also** 42 Pa.C.S.A. § 9542. Accordingly, we decline to find Appellant's issue waived.

> Issues relating to the legality of a sentence are questions of law, as are claims raising a court's interpretation of a statute. Our standard of review over such questions is *de novo* and our scope of review is plenary.

- 7 -

> If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated.

**Akbar**, **supra** (internal quotation marks and citations omitted).

Instantly, Appellant's view of our Supreme Court's holding in **Shiffler** is inapt. As we explained in **Akbar**, **Shiffler** and related cases precluded imposition of a second-strike sentence when the predicate first-strike offense and the second-strike offense occurred in the same criminal episode so that no intervening opportunity to reform was afforded. **Id.** at 239-240. The cooperation of a defendant in entering a first-strike plea or the leniency of a first-strike sentence do not factor into this analysis as Appellant avers.

As the trial court explains, Appellant was sentenced for robbery, graded as a first-degree felony, in 2001 and committed the underlying second-strike offense of aggravated assault in 2004. PCRA Court Opinion, 7/25/08, at 3. The second-strike provision states "[a]ny person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years total confinement." 42 Pa.C.S.A. § 9714(a). Felony robbery is categorized as a crime of violence for the purpose of the statute. **Id.** § 9714(g). Accordingly, we agree with the trial court that "[Appellant] is the exact recidivist criminal the 'two-strikes' provision was enacted to address." PCRA Court Opinion, 7/25/08, at 3. Appellant's issue

being meritless, we conclude the PCRA court did not err in dismissing Appellant's PCRA petition without a hearing. ***See Wah***, ***supra***.

We also agree with Appellant's counsel that Appellant's appeal is meritless. Accordingly, we grant counsel's motion to withdraw and affirm the PCRA court's April 18, 2008 order dismissing Appellant's PCRA petition.

Order affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/27/2014