COMMONWEALTH of Pennsylvania, Appellee

v.

**Jamie Robert Lynn CALHOUN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 2012.

Filed July 9, 2012.

George N. Daghir, Saint Marys, for appellant.

Jeffrey D. Burkett, Assistant District Attorney, Brookville, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., MUSMANNO, and PLATT*, JJ.

OPINION BY PLATT, J.:

Appellant, Jamie Robert Lynn Calhoun, appeals from the order dismissing his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Specifically, he claims he received an illegal sentence because the consecutive sentences for his conviction of simple assault and reckless endangerment should have merged. He also asserts previous counsel was ineffective for failing to raise the merger issue and seek relief. We affirm.

The facts of this case are not in dispute. On April 18, 2009, Appellant, after being passed by the victim, caught up with her and intentionally struck her ATV with his vehicle, causing the ATV to overturn, ejecting the victim onto the ground and injuring her. (*See* N.T. Plea, 9/28/09, at 3, 7–8). Appellant fled the scene. (*See* Police Criminal Complaint, Affidavit of Probable Cause, Docket Number CR–87–09, 4/21/09, at 10).[1]

---

* Retired Senior Judge assigned to the Superior Court.

1. The police complaint was docketed with the Court of Common Pleas on June 5, 2009.

The police originally charged Appellant with two counts of aggravated assault, two counts of simple assault, one count of recklessly endangering another person (REAP), one count of disorderly conduct, one count of harassment, one count of careless driving, and one count of reckless driving. (*See id.*, at 2–6) The police also charged him with driving without required registration, display of a registration card or plate for a vehicle other than the one for which it was issued, and operation of a vehicle without a certificate of inspection. (*See id.* at 7–9). On July 13, 2009, the Commonwealth filed an information charging Appellant with the same twelve counts, in virtually identical language. (*See* Information, CP–33–CR0000250–2009, filed 7/13/09).

On September 28, 2009, Appellant entered a counseled, negotiated guilty plea to both of the offenses at issue in this appeal, simple assault and REAP. Appellant received consecutive sentences of six months to two years' incarceration (less one day), plus one day probation, for simple assault, plus one year of probation for REAP, with credit for time served. As part of the plea agreement all other charges against Appellant arising out of this incident were *nolle prossed.* (*See* N.T. Plea, at 9; *see also* Sentence, 9/28/09).

Subsequently, after getting into a fight with a minor who he believed had been intimate with his wife while he was in jail, Appellant entered a negotiated guilty plea to disorderly conduct. (*See* N.T. *Gagnon* [II] Hearing, 12/15/10, at 1, 4–5). On December 15, 2010, based on the guilty plea

to disorderly conduct, the trial court revoked Appellant's parole and probation on the offenses at issue here and sentenced him to two consecutive sentences of not less than one nor more than two years' incarceration, with credit for time served. (*See id.*, at 7).[2] Appellant did not file a post-sentence motion or direct appeal.[3]

On June 13, 2011, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed current counsel, who filed an amended petition. The PCRA court filed a notice of intent to dismiss on November 4, 2011, and dismissed the petition on December 6, 2011. This timely appeal followed.[4]

Appellant raises two questions on appeal:

1. Where the exact same set of facts supported the conviction of [Appellant] for the crimes of "Simple Assault" and "Recklessly Endangering Another Person", were all of the statutory elements of "Simple Assault" included in the statutory elements of "Recklessly Endangering Another Person" such that the offenses should have merged for probation revocation sentencing purposes?

2. Was [Appellant] rendered ineffective assistance of counsel, and thereby prejudiced, when his counsel at [the] *Gagnon* II revocation sentence [hearing] failed to object and/or take a direct appeal, when the sentencing court ran [Appellant's] revocation sentences consecutive for "Simple Assault" and "Recklessly En-

---

2. The trial court also imposed a separate consecutive sentence of one to two years' incarceration for an unrelated simple assault by Appellant against his father which occurred in 2010. (*See* N.T. *Gagnon* Hearing, 12/15/10, at 7). That sentence is not at issue in this appeal.

3. On January 18, 2011, the trial court granted counsel's motion for leave to withdraw.

4. Appellant filed a Rule 1925(b) statement of errors on January 3, 2012. The PCRA court filed a Rule 1925(a) statement, referring to its November 4, 2011 Notice of Intent to Dismiss.

dangering Another Person" rather than merging said offenses for sentencing? (Appellant's Brief, at 4).

Appellant contends that his sentences should have merged because both offenses were based on the same set of facts and contained the same elements. Therefore, he asserts, he is serving an illegal sentence, and counsel at the parole revocation hearing was ineffective for failing to object or appeal. We disagree.

■ "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Steele*, 599 Pa. 341, 961 A.2d 786, 796 (2008) (citations omitted).

Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence. Consequently, our standard of review is *de novo* and the scope of our review is plenary. The best evidence of legislative intent is the words used by the General Assembly. Further, this Court must, whenever possible, give effect to all provisions of a statute, 1 Pa. C.S. § 1921(a), and unless a phrase has a technical, peculiar, or otherwise defined meaning, that phrase must be construed according to its common and approved usage. 1 Pa.C.S. § 1903(a). Of course, this Court presumes that the General Assembly does not intend absurd or unreasonable results when it enacts a statute. 1 Pa.C.S. § 1922(1). *Commonwealth v. Baldwin*, 604 Pa. 34, 985 A.2d 830, 833 (2009) (case citations and internal quotation marks omitted).

Section 9765 of the Judicial Code provides that:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.[5]

■ Our Supreme Court in *Baldwin* concluded that:

A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.

*Baldwin, supra* at 837 (footnote omitted).

■ In this appeal Appellant argues that simple assault should have merged with REAP for sentencing purposes. (*See* Appellant's Brief, at 8). There is no dispute that the crimes arose out of the same set of facts, constituting a single criminal act. Therefore, the issue for review is whether all of the statutory elements of one of the offenses are included in the statutory elements of the other. *See Baldwin, supra* at 837; 42 Pa.C.S.A. § 9765. Appellant argues that they are. (*See* Appellant's Brief, at 19). We disagree.

■ Our merger jurisprudence is rooted in the protection against double jeopardy provided by the United States and the Pennsylvania Constitutions. *See Baldwin, supra* at 836; *see also* U.S. Const. amend. V ("nor shall any person be subject for the

**5.** 42 Pa.C.S.A. § 9765 was enacted on Dec. 9, 2002, as P.L. 1705, No. 215, § 5, effective in 60 days (February 7, 2003).

same offence to be twice put in jeopardy of life or limb"); Pennsylvania Const. Art. 1, § 10 ("No person shall, for the same offense, be twice put in jeopardy of life or limb").[6] However, our Supreme Court has long recognized that "the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20, 22 (1994). The Court in *Anderson* noted its continuing concern to avoid giving criminals a "volume discount" on crime. *Id.*

In this appeal, Appellant asserts that prior to the enactment of Section 9765, the crimes of simple assault and REAP "clearly merged," citing *Commonwealth v. Klein* 795 A.2d 424 (Pa.Super.2002). (Appellant's Brief, at 14). He maintains that even under Section 9765 and *Baldwin*, the same result should occur, if the elements of the crimes are compared "as charged."[7] (*Id.* at 19–20). We disagree.

Preliminarily, we note that, notwithstanding Appellant's assumption, merger of these two offenses under prior prevailing law was far from a foregone conclusion. To the contrary, the precedent on whether simple assault merged with REAP is demonstrably inconsistent. Several cases, often simply citing earlier cases, assumed that merger occurred, or at least that the court was bound by controlling authority. *See, e.g., Commonwealth v. Berrena*, 421 Pa.Super. 247, 617 A.2d 1278, 1280 (1992) ("This panel does not have the power to ignore controlling authority."), citing *Commonwealth v. Cavanaugh*, 278 Pa.Super. 542, 420 A.2d 674, 676 (1980) and *Commonwealth v. Channell*, 335 Pa.Super. 438, 484 A.2d 783, 786 (1984), which relied on *Cavanaugh*.[8]

Other cases reached the exact opposite conclusion. *See Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658, 663 (1979) ("[r]eckless endangerment and simple assault may both be committed if the defendant acts in a reckless manner."); *see also Commonwealth v. Gouse*, 287 Pa.Super. 120, 429 A.2d 1129, 1133 (1981) (simple assault not lesser included offense of REAP).

In any event, Section 9765, particularly as elucidated by our Supreme Court in *Baldwin*, evinces a clear intent to confine merger for sentencing purposes to the defined condition that all of the statutory elements of one of the offenses are included in the statutory elements of the other.

A comparison of these crimes confirms that under both Section 9765 and *Baldwin* Appellant's argument does not merit relief. In pertinent part, Section 2701(a) of the

---

**6.** For a review of the history of merger jurisprudence in Pennsylvania prior to *Baldwin*, see *Commonwealth v. Jones* (Opinion Announcing the Judgment of the Court), 590 Pa. 356, 912 A.2d 815, 817–21 (2006).

**7.** We observe that before *Baldwin* "[d]espite the enactment of Section 9765, the doctrine of merger remained a thorny issue." *Commonwealth v. Baker*, 963 A.2d 495, 508 (Pa.Super.2008) (holding that although aggravated assault and endangering welfare of child arose from same set of facts, offenses did not merge for sentencing purposes) (collecting cases).

**8.** However, *Cavanaugh's* use of controlling authority, in turn, is problematical. In reaching its conclusion, *Cavanaugh* cited the non-precedential concurrence and dissent in *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 391 A.2d 662, 667 (1978), without further comment or explanation; *Cavanaugh* also cited *Commonwealth v. Hill*, 237 Pa.Super. 543, 353 A.2d 870, 880 (1975), which actually addressed the merger of assault and battery into aggravated assault. *See Cavanaugh, supra* at 676. Further, the opinion overlooked or ignored *Commonwealth v. Lawton*, 272 Pa.Super. 40, 414 A.2d 658 (1979), decided one year earlier by this Court, which reached the opposite conclusion.

Crimes Code provides that a person is guilty of simple assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another;

(2) negligently causes bodily injury to another with a deadly weapon[.]

18 Pa.C.S.A. § 2701(a)(1)-(2). With exceptions not pertinent here, simple assault is a misdemeanor of the second degree. 18 Pa.C.S.A. § 2701(b).

Section 2705 of the Crimes Code, recklessly endangering another person, provides that "[a] person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705.

Here, the Commonwealth charged Appellant, *inter alia*, with two counts of simple assault, Count 3: ("intentionally, knowingly or recklessly causes bodily injury to another") (18 Pa.C.S.A. § 2701(a)(1)); and Count 4: ("negligently causing bodily injury to another with a deadly weapon, to-wit: ... using his vehicle as a deadly weapon") (18 Pa.C.S.A. § 2701(a)(2)). (*See* Information, 7/13/09, at 1). The Commonwealth also charged him with REAP at Count 5: ("engages in conduct which places or may place another in danger of death or serious bodily injury"). (*See id.* at 2; 18 Pa.C.S.A. § 2705).

Simply stated, the Commonwealth charged conduct which simultaneously caused bodily injury, which indisputably occurred, and placed the victim in danger of death or serious bodily injury, which fortunately did not occur.

Thus, a comparison of the plain language of the respective provisions confirms that the PCRA court properly concluded that the offense of recklessly endangering includes the additional element of placing another individual in danger of death or serious bodily injury, not included in simple assault. (*See* Notice of Intent to Dismiss, 11/04/11, at 3 ("The elements of the two [offenses] are plainly different.").

The mere inclusion of the word "reckless" in both statutes does not resolve the merger issue. (*See* Appellant's Brief, at 15–16). "Every statute shall be construed, if possible, to give effect to **all** its provisions." 1 Pa.C.S.A. § 1921(a) (emphasis added). "In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used: ... (2) That the General Assembly intends the **entire statute to be effective** and certain." 1 Pa.C.S.A. § 1922(2) (emphasis added).

Moreover, simple assault is not a lesser included offense of reckless endangerment. (*See* Appellant's Brief, at 15–17). First, neither offense is "lesser" than the other. Both are misdemeanors of the second degree, as recognized by Appellant. (*See id.*, at 17). Secondly, the statutes patently contemplate independent offenses. The simple assault statute requires bodily injury, or the attempt to cause bodily injury. *See Commonwealth v. Emler*, 903 A.2d 1273, 1277 (Pa.Super.2006). Causing or attempting to cause serious bodily injury is aggravated assault. *See* 18 Pa.C.S.A. § 2702(a)(1). REAP is "a crime of assault which requires the creation of danger" of serious bodily injury or death. *Commonwealth v. Reynolds*, 835 A.2d 720, 728 (Pa.Super.2003) (citation and internal quotation marks omitted). Plainly, an offender could place a victim in danger of serious bodily injury or death without causing, or attempting to cause, "non-serious" bodily injury. Conversely, causing "non-serious" bodily injury (or the attempt) is neither the same as, nor a necessary step in the course of, creating the danger of serious bodily injury or death. Both crimes re-

quire at least one element not included in the other. Appellant's issue does not merit relief.

Furthermore, "[w]hen the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters: (1) The occasion and necessity for the statute[;][and] (3) The mischief to be remedied." 1 Pa.C.S.A. § 1921(c)(1), (3).

Here, Appellant caused the victim "non-serious" bodily injury, and put her at risk of serious bodily injury or death. The plain language of the statutes establishes that the mischiefs to be remedied are readily distinguishable and independent of each other and the elements of the crimes are distinct. The sentences do not merge, and Appellant is not entitled to a "volume discount."

Moreover, Appellant's other claims do not compel a different result. Notably, Appellant's own argument concedes there is an additional element in reckless endangerment. (*See* Appellant's Brief, at 19) (identifying three statutory elements for simple assault and four elements for REAP).

He nevertheless contends that the element of "recklessly causing bodily injury" in simple assault is "subsumed" by the element in REAP of "plac[ing] another person in danger of death or serious bodily injury[.]" (*id.*, at 19). Appellant attempts to support this proposition by reference to *Commonwealth v. McCalman*, 795 A.2d 412, 417 (Pa.Super.2002) *appeal denied*, 571 Pa. 705, 812 A.2d 1228 (2002). However, *McCalman* does not address simple assault. Rather, it concludes that REAP is a lesser included offense of **aggravated** assault: "Every element of reckless en-

dangerment is subsumed in the elements of aggravated assault[,]" quoting *Commonwealth v. Dobbs*, 452 Pa.Super. 488, 682 A.2d 388, 391 (1996). *McCalman, supra* at 417. Appellant's argument is not relevant and does not merit relief.

Appellant further argues by analogy that "inconsistent verdict cases" show that simple assault is subsumed in reckless endangerment, citing *McCalman, supra.* (Appellant's Brief, at 19). We disagree.[9]

The *McCalman* Court construed the inconsistent verdict issue as a challenge to the sufficiency of the evidence:

> Next, appellant argues the aggravated assault and REAP verdicts are impermissibly inconsistent. We disagree. **Consistency is not required in criminal verdicts and the fact-finder's decision will not be disturbed so long as sufficient evidence existed for conviction.** It is well settled that REAP is a lesser included offense of aggravated assault[.]
>
>         \*      \*      \*
>
> [T]here was sufficient evidence to convict appellant of **aggravated** assault, accordingly we find appellant was also properly convicted of REAP. The verdicts were not impermissibly inconsistent.

*Id.*, at 417–18 (citation and footnote omitted) (emphases added).

Since the well-settled principle that consistent verdicts are not required resolved the issue raised by the appellant in *McCalman*, the balance of the panel's discussion is arguably *dicta*. In any event, as already noted, the *McCalman* Court's discussion of **aggravated** assault and reckless

---

9. Preliminarily, the point of Appellant's analogy is obscure. The relevant issue presented in *McCalman* was, "Was the jury's verdict finding that [appellant] was guilty of both aggravated assault and reckless endangerment **yet not guilty of attempted homicide** impermissibly inconsistent?" *McCalman, supra* at 415 (emphasis added).

endangerment, in a decision preceding section 9765, is hardly dispositive of whether the offenses of **simple** assault and reckless endangerment merge here, under section 9765 and post-*Baldwin*. Appellant's analogy fails. *McCalman* offers no basis for relief to Appellant.

Appellant's remaining arguments are equally unpersuasive. (*See* Appellant's Brief, at 14–20). He cites decisions which, like *McCalman*, preceded the enactment of section 9765, and pre-*Baldwin* decisions, which are no longer controlling, and attempts to import a common *mens rea* to the offenses. (*See* Appellant's Brief, at 14–17).

Appellant asks this Court to examine the element of the respective offenses "as charged," citing a footnote in *Baldwin*. (Appellant's Brief, at 14 (citing *Baldwin, supra* at 837 n. 6); *see also id.* at 19). Appellant refers to the *Baldwin* majority's discussion of United States Supreme Court cases, *Blockburger v. U.S.*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and *Whalen v. U.S.*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), observing that: "[T]he [United States Supreme] Court demonstrated a recognition that examination of the elements of the crimes **as charged** is sometimes necessary, especially when dealing with an offense that can be proven in alternate ways." *Baldwin, supra* at 837 n. 6 (emphasis in original).

Preliminarily, here, we observe that *Baldwin* addressed, and affirmed, convictions for multiple violations of the Uniform Firearms Act. *See id.* at 832. Notably, our Supreme Court has determined that *Blockburger* does not apply to state cases. *See Commonwealth v. Burkhardt*, 526 Pa. 341, 586 A.2d 375, 377 (1991) ("[W]e are not bound by the *Blockburger* test in construing our own criminal statutes.") (citations omitted). As such, the footnote reference in *Baldwin* is clearly *dicta*.

Furthermore, here Appellant fails to cite to the pertinent portion of the certified record, or develop an argument that there is any difference in the elements "as charged." (Appellant's Brief, at 20). Accordingly, Appellant's claim is waived. *See* Pa.R.A.P. 2119(a), (b), (c). Moreover, on our independent review of the crimes as charged, we find no cognizable distinction to support Appellant's argument. (*See* Information, *supra; see also* Police Criminal Complaint, 4/21/09, Docket Number CR–87–09, at 3–4). Appellant's argument would not merit relief.

In addition, where, as here, Appellant pleaded guilty pursuant to a negotiated plea in exchange for the *nolle prossing* of all the remaining charges against him, our Supreme Court has held that, despite acknowledged confusion in the prior case authority, there is no legal basis for challenging the separate sentences, based on guilty pleas, imposed after the revocation of probation:

> Notwithstanding the legal acumen of our distinguished *conferees* in the confusion, we do a grave disservice to the lower courts, prosecutors, defense counsel and defendants by continuing our fluctuating and fragmented decisions in this area. Accordingly, **we now hold** that in the context of simultaneous convictions of multiple offenses, pursuant to **guilty pleas** or trial verdicts, the **trial court may sentence separately for each distinct statutory crime** of which the defendant is convicted, **limited only by express legislative intent to the contrary.**

*Burkhardt, supra* at 377 (footnotes omitted) (emphases added); *see also Baldwin, supra* at 839, (Castille, C.J., concurring, quoting *Burkhardt* ). Here, Appellant fails to assert any express legislative intent to the contrary. Having entered guilty pleas to both offenses, in return for the

*nolle prossing* of his numerous remaining charges, Appellant has no basis to challenge separate sentences after revocation of parole. His issue does not merit relief.

Following the plain language interpretation of Section 9765, as elucidated by *Baldwin,* we conclude that there are distinct elements in both crimes to which Appellant pleaded guilty, precluding merger for sentencing purposes.

Accordingly, for all of the foregoing reasons, Appellant's first issue does not merit relief. The PCRA court's dismissal is supported by the record and contains no error of law.

■ Because Appellant fails to prove an illegal sentence, we need not address his second claim of ineffective assistance. Appellant candidly, and correctly, concedes that if his consecutive sentences do not constitute an illegal sentence, then his ineffective assistance claim lacks arguable merit. (*See* Appellant's Brief, at 13). We agree. "Counsel cannot be ineffective for failing to raise a meritless claim." *Commonwealth v. Small,* 602 Pa. 425, 980 A.2d 549, 570 (2009) (citation omitted).

The trial court's imposition of consecutive sentences for separate offenses did not require merger and did not constitute an illegal sentence. Therefore, counsel at re-sentencing was not ineffective. Accordingly, the PCRA court properly dismissed Appellant's PCRA petition.

Order affirmed.