J-S66011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID FREDERICK, | |
| Appellant | No. 1963 WDA 2014 |

Appeal from the Judgment of Sentence of November 14, 2014
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000497-2013

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                **FILED JANUARY 12, 2016**

Appellant, David Frederick, appeals from the judgment of sentence entered on November 14, 2014, following his jury trial convictions for two counts each of endangering the welfare of a child and indecent assault and one count of corruption of minors.[1]  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  The Commonwealth charged Appellant with 15 sexually related crimes against his biological juvenile daughter.  The victim, who was 18 years old at the time of trial, testified that Appellant engaged in various acts of sexual misconduct on a weekly basis beginning when she was 11 or 12 years old. Following a two-day trial in April 2014, a jury found Appellant

_____

[1] 18 Pa.C.S.A. §§ 4304, 3126, and 6301, respectively.

*Retired Senior Judge assigned to the Superior Court.

guilty of the aforementioned charges. On October 7, 2015, following an assessment and argument, the trial court determined Appellant to be a sexually violent predator (SVP). On November 14, 2014, the trial court sentenced Appellant to an aggregate term of 62 months to 19 years of imprisonment. This timely appeal followed.[2]

On appeal, Appellant presents the following issues for our review:

_____

[2] On December 1, 2014, Appellant filed a notice of appeal. On December 12, 2014, counsel for Appellant filed a motion to withdraw his appearance. The trial court entered an order on January 29, 2015 allowing counsel to withdraw. On January 30, current counsel filed an entry of appearance. On February 11, 2015, new counsel filed a motion for reconsideration and, on March 24, 2015, she filed an amended motion. On March 4, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). New counsel for Appellant complied on March 17, 2015.

Following a hearing, the trial court entered an order on March 30, 2015 denying Appellant's motions for reconsideration, determining it lacked jurisdiction to entertain them because they were filed more than 30 days after Appellant's judgment of sentence and Appellant had already filed a notice of appeal. At the hearing, Appellant requested that two documents be included in the record certified for appeal – the victim's medical records and a letter purportedly written by the victim. Current counsel claimed that trial counsel was ineffective for failing to introduce them at trial. The trial court noted that claims of ineffective assistance of counsel should be deferred until collateral review and only those exhibits presented at trial are certified for appeal. On May 4, 2015, the trial court denied relief by order, opining that the referenced documents were mentioned at trial but not previously entered into evidence and, therefore, could not be considered as a part of the official certified record. On May 14, 2015, Appellant filed a motion to supplement the record with this Court. On June 8, 2015, this Court entered an order deferring the motion for this panel's consideration on the merits. On June 10, 2015, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

- 2 -

1. Is [Appellant's] sentence illegal or otherwise improper?

2. Are [Appellant's] convictions supported by the record?

3. Did the trial court err in failing to rule on the motion for reconsideration and judgment of acquittal, arrest of judgment, or, alternatively, [a] new trial?

4. Did the trial court err in finding [Appellant] to be [an SVP]?

5. Should [Appellant] be required to register as [an SVP]?

6. Did the trial court abuse its discretion or issue an inappropriate sentence?

7. Is [Appellant's] sentence [] excessive?

8. Did the Commonwealth prove each element of each offense beyond a reasonable doubt to sustain the conviction[s]?

9. Did the trial court err in ruling on the admissibility of items of evidence or testimony, including allowing certain questions by the Commonwealth over objection by [Appellant's counsel] regarding prior inconsistent statements?

10. Did the trial court err in failing to allow the court reporting equipment to be used to play back part of the testimony about which the jury inquired?

[11.] Was [Appellant's] trial counsel ineffective?

Appellant's Brief at 11-13 (some capitalization and suggested answers omitted).[3]

_____

[3] We must point out that counsel for Appellant failed to follow our rules of appellate procedure. More specifically, the argument section of the appellate brief "shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). Many of Appellant's arguments overlap and
*(Footnote Continued Next Page)*

- 3 -

Initially, we note that several of Appellant's arguments are not properly before us. In his first issue presented, Appellant's claim is three-fold. First, Appellant claims that the Commonwealth improperly graded the crimes listed in the bill of criminal information because the facts did not show Appellant engaged in a course of conduct. However, this aspect of his claim turns on the sufficiency of the evidence, which we find waived as discussed **infra**. Appellant next argues that the trial court failed to give a specific jury instruction regarding a course of conduct. **Id.** at 26-28, 30-31. However, upon review of the record, Appellant did not contemporaneously object to the jury instructions at trial and, hence, this aspect of Appellant's first issue is waived. **See Commonwealth v. Powell**, 956 A.2d 406, 428 (Pa. 2008), *citing* Pa.R.A.P. 302(a) ("The absence of a contemporaneous objection below constitutes a waiver of appellant's current claim respecting the trial court's instructions."). Finally, regarding his first issue, Appellant argues the jury found him not guilty of the first 10 counts as alleged in the bill of criminal information, therefore, "[a]t most, he was convicted of performing oral sex on the juvenile" and, therefore, "the offenses should [have] merge[d] for sentencing purposes." **Id.** at 35-37. Merger implicates the legality of Appellant's sentence. **See**

_(Footnote Continued)_ ───────────────────

are not separately delineated. However, because our review is not substantially impeded, we will proceed to address those issues that were properly preserved.

***Commonwealth v. Calhoun***, 52 A.3d 281, 284 (Pa. Super. 2012). Accordingly, we will address only this aspect of Appellant's first claim below.

Appellant's second and eighth claims relate generally to the sufficiency of the evidence presented at trial. Appellant waived these issues. In both his Rule 1925(b) statement and his appellate brief, Appellant fails to specify which crime(s) he is challenging or which specific statutory elements the Commonwealth failed to prove and, thus, these claims are waived. ***See Commonwealth v. Veon***, 109 A.3d 754, 775 (Pa. 2015) (In order to preserve a challenge to the sufficiency of the evidence on appeal, the appellant's statement of matters complained of on appeal must state with specificity the element or elements of the crime upon which the appellant alleges the evidence was insufficient; such specificity is of particular importance in cases where the appellant was convicted of multiple crimes, each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.) Here, Appellant merely claimed that his convictions were not supported with sufficient evidence "in light of the [j]ury's not guilty finding for counts 1-10" and that the Commonwealth failed to "prove each element of each offense beyond a reasonable doubt." Rule 1925(b) Statement, 3/17/20115 at ¶¶ 3 and 9. Appellant's lack of specificity results in waiver of all his sufficiency claims.

With regard to Appellant's fourth and fifth issues pertaining to his SVP determination, counsel for Appellant did not offer this Court any legal authority, in violation of Pa.R.A.P. 2119(a), to support his bare appellate

claims. Likewise, Appellant abandoned his third claim that the trial court failed to grant his motion for reconsideration. "We have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review." ***Commonwealth v. Plante***, 914 A.2d 916, 924 (Pa. Super. 2006). Hence, we are constrained to find these issues waived, as well.

Additionally, Appellant waived issues six and seven as presented. Appellant claims the trial court abused its discretion when it failed to consider mitigation evidence at sentencing and sentenced Appellant to consecutive sentences. These issues implicate the discretionary aspects of sentencing. Appellant failed to preserve these claims by objecting at the sentencing hearing or filing a timely post-sentence motion. ***See Commonwealth v. Sheller***, 961 A.2d 187, 189 (Pa. Super. 2008), *citing* Pa.R.Crim.P. 720.

With regard to his ninth issue on appeal, Appellant claims the trial court erred in allowing the Commonwealth to question the victim, on redirect examination, regarding prior consistent statements. Appellant's Brief at 40-42. More specifically, in sum, Appellant avers:

> [O]n cross-examination, the [victim] admitted that she []
> never told the interviewer [at the Child Advocacy Center]
> that [Appellant] ever touched her sexually with anything
> other than his penis. In fact, she admitted to denying any
> other touching to the interviewer on two different occasions.
> In an attempt to rehabilitate the witness, the
> Commonwealth referred her to the portion of the interview
> when she disclosed that [Appellant] inserted a hot dog into

her vagina. The Commonwealth then proceeded to question the juvenile about all prior sexual encounters unrelated to the prior inconsistent statement, *i.e.*, touching her sexually without [sic] something other than his penis. Trial counsel objected and the [c]ourt heard argument on whether this questioning was proper. The [c]ourt permitted it as a prior consistent statement.

The [c]ourt's ruling permitted the Commonwealth to duplicate the witnesses' allegations outside of the rules.

*Id.* at 41-42.

However, the trial court found this issue waived for lack of specificity in Appellant's Rule 1925(b) statement and for failing "to indicate whether this issue was preserved at the time of trial." Trial Court Opinion, 6/10/2015, at 11. Upon review, and for the reasons that follow, we agree:

Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process.

When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all. [...F]or the reasons set forth above we conclude that [such rationale] should also apply to [c]oncise [s]tatements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, Appellant's [c]oncise [s]tatement was not specific enough for the trial court to identify and address the issue Appellant wished to raise on appeal.

- 7 -

*Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001). In this case, Appellant's Rule 1925(b) statement stated: "Did the trial court err in ruling on admissibility of items of evidence or testimony, including allowing certain questions by the Commonwealth over objection by defense [counsel] regarding prior consistent statements?" Appellant's Rule 1925(b) Statement, 3/17/2015, at 3 (unpaginated). This statement fails to specify for the trial court the specific exchange at issue. Thus, we agree with the trial court that Appellant waived this issue for lack of specificity in his Rule 1925(b) statement.

Finally, in his last issue presented, Appellant claims that trial counsel was ineffective for failing to introduce the victim's medical records and a letter purportedly written by her at trial. Moreover, Appellant claims counsel was ineffective for failing to challenge the grading of the offenses and Appellant's prior record score. "Apart from two limited exceptions not pertinent here, claims of ineffective assistance of counsel cannot be raised on direct review." *See Commonwealth v. Martin*, 2015 WL 6471183, at *3 (Pa. Super. 2015), *citing* **Commonwealth v. Holmes**, 79 A.3d 562, 563 (Pa. 2013). Accordingly, Appellant cannot raise these claims on direct review and we find Appellant's claim of ineffectiveness of trial counsel must await collateral review.

Turning to those issues which were preserved and are properly before us, we begin our analysis with an examination of Appellant's first issue presented, wherein he contends the trial court failed to merge his sentences

for both counts of endangering the welfare of a child. ***See*** Appellant's Brief at 20. Essentially, Appellant argues that the Commonwealth failed to prove a course of conduct to support separate convictions for endangering the welfare of a child and that these convictions should merge for sentencing purposes. ***Id.***

As previously stated, merger implicates the legality of sentence. This Court previously determined:

> A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary. The merger doctrine is essentially a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction. The Supreme Court held [that] in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses. The Supreme Court further defines 'the same facts' as follows:
>
>> any act or acts which the accused has performed and any intent which the accused has manifested, regardless of whether these acts and intents are part of one criminal plan, scheme, transaction or encounter, or multiple criminal plans, schemes, transactions or encounters.

***Commonwealth v. Williams***, 958 A.2d 522, 527 (Pa. Super. 2008) (internal citations and some quotations omitted). Moreover, "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." ***Commonwealth v. Spruill***,

80 A.3d 453, 456 (Pa. 2013), *citing* 42 Pa.C.S.A. § 9765. "If the offenses stem from two different criminal acts, merger analysis is not required." **Williams**, 958 A.2d at 527 (citation omitted).

Here, the trial court concluded:

> In this case, the victim testified regarding multiple incidents over a time span of years and the jury was instructed regarding [both counts of endangering the welfare of children] that: 'Again, there are two identical counts (counts 11 and 12) because the Commonwealth asserts that there – this conduct occurred on two or more occasions.' Since the jury found [] Appellant guilty of both Counts 11 and 12 the factfinder in this case [] did find that [] Appellant [e]ndangered the [w]elfare of a [c]hild on at least two separate occasions.

Trial Court Opinion, 6/10/2015, at 4.

Upon review of the record, we agree. The jury convicted Appellant of two separate counts of endangering the welfare of child. The victim testified that Appellant engaged in various acts of sexual misconduct with her "about once a week" from the time she was 11 or 12 years old until her senior prom. N.T., 3/26/2014, at 13, 18-28. Because the acts stemmed from different criminal acts, merger was not required.

In his tenth issue presented, Appellant claims the trial court erred by failing to allow the court reporter to play back a portion of trial testimony the jury inquired about during deliberations. More specifically, Appellant claims:

> During jury deliberations, the jury requested a copy of the letter the juvenile female wrote to [Appellant] and her mother and a copy of the transcript of her interview with the Child Advocacy Center. It is asserted that the letter could show a motive to fabricate. Additionally, if the jury

was permitted to refresh their recollection of the letter with the transcript of the interview, there is a very substantial chance that it would have found that the juvenile was inconsistent in certain key parts of her testimony. Trial counsel did not move for the admission of the letter but, instead, asked the juvenile to read it during cross-examination. The [c]ourt denied the motion. It is asserted that the recording equipment should have been used to permit the jury to listen to the play-back of the testimony.

\* \* \*

The recording equipment should have been utilized to permit the jury to listen to the entirety of the juvenile's testimony so as to not emphasize one portion.

\* \* \*

It is acknowledged that the jury's actual request was for a copy of the letter and the letter was not introduced. However, the jury would not have known to ask for the recording to be played so it is respectfully asserted that the request should have been considered to encompass review of the actual letter or replaying of the recorded testimony.

Appellant's Brief at 46-47 (record citations omitted).

Appellant's claim implicates the trial court's evidentiary rulings:

On a challenge to a trial court's evidentiary ruling, our standard of review is one of deference.

The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Hernandez***, 39 A.3d 406, 411 (Pa. Super. 2012)

(citation omitted).

The trial court initially determined it was "confused about this assertion" because it could not "locate anywhere in the record where the jury asked to have testimony 'played back.'" Trial Court Opinion, 6/10/2015, at 12. The trial court did deny a request to send a letter, written by an interviewer at the Child Advocacy Center, into the jury room during deliberations. *Id.* At the time of the jury's request, Appellant did not suggest that the court reporter read the testimony back to the jury. Moreover, the trial court opined that the refusal to allow certain testimony to be read back to the jury would not constitute an abuse of discretion. *Id.* The trial court was concerned "that if the jury had one piece of evidence in the jury room literally in their hands they would not weigh it in light of all the[] evidence in the trial." *Id.*

We agree with the trial court's assessment. The jury simply did not request that portions of testimony be read back to them. Instead, they requested that a letter, which was never entered into evidence, be sent back to the jury room to aid them during deliberations. This request was properly denied and did not constitute an abuse of discretion. Neither party asked the trial court to direct that portion of the testimony relating to the letter be read back to the jury. Consequently, the trial court did not abuse its discretion in failing to *sua sponte* make such a determination, when no party suggested this alternative. Accordingly, Appellant is not entitled to relief.

Finally, we address Appellant's motion to supplement the record. At the hearing on Appellant's motions for reconsideration, Appellant sought to

introduce the victim's medical records together with a letter written by the victim. These items were not admitted into evidence at trial and, therefore, could not be entered into the certified record on appeal. The trial court properly denied that request. Only "[t]he original papers and **exhibits filed in the lower court** … shall constitute the record on appeal in all cases." Pa.R.A.P. 1921 (emphasis added). Notwithstanding, Appellant claims the abovementioned "documents are relevant to the claim of ineffective assistance of counsel." Motion to Supplement the Record, 5/14/2015, at *2, ¶ 17. However, having already determined that Appellant's ineffective assistance of counsel claims must await collateral review, we deny Appellant's request to supplement the record with documents not entered into the record at trial.

Judgment of sentence affirmed. Motion to supplement the record denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016