J. S62041/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
       v.    :
   :
TYREE EDWARDS,    :        No. 3874 EDA 2017
   :
       Appellant    :

Appeal from the PCRA Order, October 31, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0006690-2009

BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED JANUARY 11, 2019**

Tyree Edwards appeals from the October 31, 2017 order entered by the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The factual history of this case was provided by a previous panel of this court and need not be reproduced here.  ***See Commonwealth v. Edwards***, 82 A.3d 461 (Pa.Super. 2013) (unpublished memorandum).  The procedural history of this case is as follows:  the Commonwealth charged appellant with, ***inter alia***, second-degree murder, attempted murder, aggravated assault, criminal conspiracy, and possession of an instrument of

crime.[1] Following trial, the jury convicted appellant of the above offenses on March 1, 2012. Immediately thereafter, the trial court sentenced appellant to an aggregate term of life imprisonment. Appellant appealed the judgment of sentence to this court on July 6, 2012. We affirmed the judgment of sentence on June 17, 2013. *Id.* Appellant did not file a petition for allowance of appeal with our supreme court.

On May 22, 2014, appellant filed a timely *pro se* petition pursuant to the PCRA. The PCRA court appointed counsel to represent appellant, and on January 25, 2016, appellant filed a counseled amended PCRA petition. Appellant filed another amended PCRA petition on October 25, 2016.

The PCRA court filed a notice of its intent to dismiss appellant's PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907 on September 27, 2017. On October 31, 2017, the PCRA court dismissed appellant's petition without a hearing.

Appellant filed a timely *pro se* notice of appeal to this court on November 22, 2017. On November 27, 2017, the PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and appellant timely complied. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 9, 2018.

Appellant raises the following issues for our review:

---

[1] 18 Pa.C.S.A. §§ 2502(b), 901(a), 2702(a), 903(a)(1), and 907(a), respectively.

> I. Did the Honorable PCRA Court err when it dismissed [appellant's] PCRA Petition without a Hearing?
>
> II. Is [appellant] entitled to a new trial as the result of error on the part of the PCRA court?

Appellant's brief at 3.

> We begin by noting the following standard of review, guiding our consideration of this appeal. "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Calhoun*, 52 A.3d 281, 284 (Pa.Super. 2012) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011) (internal quotation marks and citation omitted), *appeal denied*, [] 38 A.3d 823 ([Pa.] 2012). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Commonwealth v. Johnson*, [] 966 A.2d 523, 532 ([Pa.] 2009) (internal quotation marks and citations omitted).

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012), *appeal denied*, 72 A.3d 602 (Pa. 2013).

In both issues raised on appeal, appellant alleges separate allegations of ineffective assistance on the part of his trial counsel, Thomas McGill, Esq. Specifically, appellant alleges that Attorney McGill rendered ineffective assistance by failing to object to the trial court's alibi instruction to the jury and by failing to file a motion to suppress identification evidence. (**See** appellant's brief at 7-12.)

The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, [] (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, [] 527 A.2d 973, 975 ([Pa.] 1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> ***Commonwealth v. Busanet***, [] 54 A.3d 34 [35], 45 ([Pa.] 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the ***Pierce*** test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa.Super. 2016), quoting ***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015), ***order vacated on other grounds***, 166 A.3d 1213 (Pa. 2017).

In his first issue, appellant contends that Attorney McGill's provided ineffective assistance of counsel when he failed to object to the trial court's

alibi instruction to the jury.[2]   We must first determine if appellant's underlying legal issue—whether the trial court's alibi instruction to the jury—is of arguable merit.

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper.  We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration.  Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa.Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014), quoting *Commonwealth v. Trippett*, 932 A.2d 188, 200 (Pa.Super. 2007) (citation omitted).

Here, appellant avers that the trial court made two errors as it instructed the jury on appellant's alibi defense.  First, appellant contends that the trial court provided a "misleading" direction when it instructed that "the alibi had to demonstrate that [appellant] was at a different location at the precise time that the crime occurred[.]"  (Appellant's brief at 7.)

---

[2] We note that appellant is "not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and [appellant] is not entitled to post-conviction relief, and no purpose would be served by any further proceedings." *Commonwealth v. Johnson*, 945 A.2d 185, 188 (Pa.Super. 2008) *appeal denied*, 965 A.2d 433 (Pa. 2008), quoting *Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super. 2007), *appeal denied*, 951 A.2d 1163 (Pa. 2008) (citations omitted).

Appellant takes specific issue with the trial court's use of the word "precise." (*Id.* at 7-8.)  To further his argument, appellant poses a hypothetical of whether the jury could determine that appellant was "at a different location one minute before the murder occurred, and that the different location was far away, could [it] still find [appellant] not guilty if he was not at a different location at the precise time that the crime was being committed?"  (*Id.* at 8.)  Appellant also contends that the trial court, through its instructions to the jury, improperly shifted the burden of proving an alibi defense to appellant.  (*Id.* at 8-9.)  The Commonwealth counters by arguing that the trial court's jury instructions substantively conformed with the Pennsylvania Suggested Standard Jury Instructions.  (Commonwealth's brief at 7.)

The trial court's jury instructions, in relevant part, were as follows:

> In this case the defendant has presented evidence of an alibi, meaning, that he was not present at the scene and was at another location at the precise time that the crime charged in this case took place. You should consider this evidence, along with all of the other evidence in the case, in determining whether the Commonwealth has met their burden of proving beyond a reasonable doubt that the defendant committed or took part in commission of the crimes at issue.
>
> The defendant's evidence that he was not present by itself or together with evidence may be sufficient to raise a reasonable doubt of his guilt. If you have a reasonable doubt of the defendant's guilt, you must find him not guilty. On the other hand, if you are convinced beyond a reasonable doubt that he is guilty, you should find him guilty.

Notes of testimony, 2/28/12 at 64.

By comparison, the Pennsylvania Criminal Suggested Standard Jury Instructions include the following alibi instruction:

> In this case, the defendant has presented evidence of an alibi, that is, that [he] was not present at the scene or was rather at another location at the precise time that the crime took place. You should consider this evidence along with all the other evidence in the case in determining whether the Commonwealth has met its burden of proving beyond reasonable doubt that a crime was committed and that the defendant [himself] committed [or took part in committing] it. The defendant's evidence that [he] was not present, either by itself or together with other evidence, may be sufficient to raise a reasonable doubt of [his] guilt. If you have a reasonable doubt of the defendant's guilt, you must find [him] not guilty.

Pennsylvania Criminal Suggested Standard Jury Instructions § 3.11.

Based on our review of the trial court's jury instructions when compared with the Pennsylvania Criminal Suggested Standard Jury Instructions, we find that the trial court substantively complied with the suggested standard jury instructions and thereby did not abuse its discretion. Accordingly, appellant's first issue is without arguable merit.

In his second issue on appeal, appellant contends that trial counsel was ineffective for failing to file a pre-trial suppression motion pertaining to the identification of appellant because appellant was alleged to have worn a bandana over his face. (Appellant's brief at 11-12). Appellant further alleges that "identification evidence was the sole evidence used to convict [appellant] or at the very least [a] major part of the evidence used to

convict." (*Id.* at 12.) To further his argument, appellant cites the testimony of two of the Commonwealth's witnesses at trial—Curtis McKnight and Derrick Brazelton. (*Id.* at 11.)

Based on our review of the record, we find that appellant fails to establish that counsel's failure to file a pre-trial suppression motion was an unreasonable omission on the part of trial counsel. Indeed, both McKnight and Brazelton's respective testimonies severely undercut appellant's contentions. Both McKnight and Brazelton have known appellant for their entire lives. (Notes of testimony, 2/23/12 at 30; 2/27/12 at 47.) McKnight explicitly testified that he was able to recognize appellant despite the fact that appellant was wearing a bandana over his face. (Notes of testimony, 2/23/12 at 34-35.) Brazelton testified that despite the fact that appellant was wearing a bandana; Brazelton was able to recognize him by his eyes, forehead, and the sound of his voice. (Notes of testimony, 2/27/12 at 47.)

As part of his second issue, appellant also argues that a photo array presented to Brazelton, which he also used to identify appellant, was "unnecessarily suggestive and thus in violation of constitutional norms." (Appellant's brief at 11.) Appellant, however, offers no other information as to how and/or why the photo array in question was unnecessarily suggestive. Accordingly, we find that appellant has not met his burden in establishing ineffective assistance of counsel.

J. S62041/18

Order affirmed.


Lazarus, J. joins this Memorandum.

McLaughlin, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/19