J-A11028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHNNIE L. BROWN | : | |
| | : | |
| Appellant | : | No. 1603 MDA 2023 |

Appeal from the PCRA Order Entered October 16, 2023
In the Court of Common Pleas of Franklin County
Criminal Division at No: CP-28-CR-0000959-2019

BEFORE: BOWES, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.: **FILED: SEPTEMBER 10, 2024**

Appellant, Johnnie Brown, appeals from the order denying his petition

pursuant to the Post Conviction Relief Act ("PCRA").[1] Upon review, we affirm.

The PCRA court summarized the underlying facts as follows:

On or about March 25, 2019, [Appellant] was charged at Count 1 with possession of firearm prohibited, at Count 2 with receiving stolen property, and at Count 3 with conspiracy-sales to ineligible transferee, following a residential burglary occurring in Franklin County where a firearm was stolen. On September 2, 2021, [Appellant] entered a plea of *nolo contendere* to Count 3. At the time, [Appellant] was represented by Attorney Jonathan White ("Attorney White"). That same day, [the trial court] sentenced [Appellant] to twenty[-]seven (27) to fifty[-]four (54) months in the state correctional institute, pursuant to the plea agreement. Considering [Appellant's] prior record score of five (5) at the time of sentencing and the offense gravity score of eight (8), this sentence is at the bottom of [Appellant's] standard range. [Appellant] was also given credit for the time that he had served in the Franklin County Jail, March 25, 2019 through September 2, 2019.

---

[1] 42 Pa.C.S.A § 9541-46.

- 1 -

[Appellant] filed a *pro se* Motion for Post-Conviction Collateral Relief on August 31, 2022. On September 30, 2022, [the PCRA court] appointed Attorney LaTasha Williams ("Attorney Williams") to represent [Appellant] in this PCRA matter. After one continuance, on January 4, 2023, Attorney Williams filed an amended petition on [Appellant's] behalf. [The PCRA court] set a hearing date for January 19, 2023. [Appellant] requested a continuance, and the matter was scheduled for February 20, 2023. On that date, [the PCRA court] convened the hearing and took [Appellant's] testimony. As Attorney White was not present for the hearing, [the PCRA court] bifurcated the hearing and scheduled the remainder for the second portion of the hearing for March 24, 2023. After several continuances, [the PCRA court] heard Attorney White's testimony on June 2, 2023. Following the hearing, [the PCRA court] ordered that transcripts be produced and that the parties provide the Court with briefs.

PCRA Court Opinion, 10/17/23, at 1-2 (cleaned up). On October 17, 2023, the PCRA court dismissed Appellant's petition. This timely appeal followed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

"[O]ur standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (citing *Commonwealth v. Calhoun*, 52 A.3d 281, 284 (Pa. Super. 2012)). Thus, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Id.* (citing *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)). When supported by the record, this Court is bound by the PCRA court's credibility determinations. *Commonwealth v. Burton*, 158 A.3d 618, 627 n.13 (Pa. 2017).

We must first determine the issue(s) before us. Indeed, Appellant raised three similar, yet distinct issues in his filings.

In Appellant's amended PCRA petition, the stated issue was ineffective assistance of counsel for **failing to consult** Appellant about filing a post sentence motion along with the advantages and disadvantages of an appeal. *See* Amended PCRA Petition, 1/4/23, ¶¶ 18-19.

In his concise statement of errors pursuant to Pa.R.A.P 1925, Appellant abandoned the failure to consult claim, to pursue a **failure to file** issue. Indeed, Appellant's stated issues were:

> Has the Honorable PCRA Court committed legal error when it declined to reinstate Appellant's post-sentence rights *nunc pro tunc* by rejecting Appellant's claim that trial counsel rendered ineffective assistance when (1) his ineffectiveness resulted in an involuntary plea; and (2) counsel's **failure to file** a post-sentence motion amounts to ineffective assistance of counsel.

Statement of Errors, 12/6/23.

Lastly, in Appellant's brief before us, the stated issue is: "Did the Honorable PCRA court commit an abuse of discretion and error of law when it denied Appellant's post-conviction relief to reinstate his post-sentence rights *nunc pro tunc* so that he may timely move to withdraw his *nolo contendere* plea?" Appellant's brief at 3.[2]

---

[2] Despite Appellant's stated issue, his argument focuses on the claim of ineffective assistance of counsel for the failure to **consult** with Appellant regarding the filing of a post-sentence motion, and the advantages or disadvantages of filing a direct appeal.

While similar, the issues raised are not the same,[3] and we cannot review issues that were not preserved below. **See** Pa.R.A.P. 302(a). Accordingly, to the extent that Appellant raises a claim of ineffective assistance of counsel for failure to **consult** with Appellant about the feasibility of post-sentence motions and/or appeal, the claim is waived because it was not raised below. **See Commonwealth v. Ortiz-Ocasio**, 2023 WL 395787, unpublished memorandum at *3 (Pa. Super. filed January 25, 2023) (finding failure to consult claim waived because it was not raised in the Rule 1925(b) statement).[4]

To the extent that the failure to file a claim was mentioned in his 1925(b), the claim is nonetheless waived because it was not developed below or before us. Here, the PCRA hearing was focused on the voluntariness of the plea, not the failure to file. There was no testimony or evidence presented regarding a failure to file. **See** N.T., PCRA Hearing 6/2/23. Moreover, Appellant's brief has focused on the failure to consult claim and did not address the failure to file claim. Accordingly, we conclude that Appellant's failure to file claim is also waived. **See Commonwealth v. Johnson**, 985 A.2d 915,

---

[3] **See Commonwealth v. Touw**, 781 A.2d 1250, 1253-54 (Pa. Super. 2001) (explaining the distinction between a claim that counsel failed to <u>file</u> a direct appeal, and a claim that counsel failed to <u>consult</u> regarding the potential of filing a direct appeal).

[4] Pursuant to Pennsylvania Rule of Appellate Procedure 126, unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. Pa.R.A.P. 126(b).

924 (Pa. 2009) ("where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, the claim is waived").

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/10/2024