J. S55040/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| EDWARD WILLIAM PETTERSEN, JR., | : | No. 710 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, February 7, 2018,
in the Court of Common Pleas of Pike County
Criminal Division at No. CP-52-CR-0000425-2009

BEFORE:  OLSON, J., STABILE, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JANUARY 11, 2019**

Edward William Pettersen, Jr., appeals from the February 7, 2018 order entered by the Court of Common Pleas of Pike County denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court provided the following synopsis of the pertinent procedural history:

> Appellant was convicted of three (3) counts of Aggravated Assault (F-1), Burglary (F-1), Criminal Trespass (F-2), three (3) counts of Simple Assault (M-2), and Reckless[ly] Endangering Another Person[1] following a jury trial held in May of 2011. Appellant was subsequently sentenced on July 7, 2011.  Appellant was sentenced to an aggregate period of incarceration of not less than 21½ years

---

1  18 Pa.C.S.A. §§ 2702(a), 3502(a), 3503(a), 2701(a), and 2705, respectively.

nor more than 70 years in a State Correctional Facility.

After [a]ppellant's appeal of the July 7, 2011 Sentencing Order to the Pennsylvania Superior Court, said Court issued an Order dated July 16, 2012 affirming [the trial court's judgment of sentence.[2] Pertinent to the procedural history of this matter, the Superior Court issued another Order dated June 27, 2016 remanding this matter to the [PCRA] court on [a]ppellant's claims for post-conviction relief and directed that the [PCRA] court appoint counsel for [a]ppellant and to hold a new hearing on his post-conviction claims.[3]

[The PCRA court] appointed James P. Baron, Esquire to represent [a]ppellant with regard to his post-conviction claims. Attorney Baron filed an Amended Petition for Post-Conviction Relief on June 7, 2017. [The PCRA court] held a PCRA evidentiary hearing on October 6, 2017. [The PCRA court] denied [a]ppellant's PCRA Petition by Order dated February 7, 2018, and this appeal followed.

On March 8, 2018, [the PCRA court] ordered that [appellant] file a Concise Statement of Matters Complained of on Appeal [pursuant to Pa.R.A.P. 1925(b)] within twenty-one (21) days from the date of the Order. Appellant filed a Concise Statement of Matters Complained of on Appeal on March 29, 2018.

PCRA court opinion, 5/2/18 at 1-2. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on May 2, 2018.

Appellant raises the following issues for our review:

---

[2] ***Commonwealth v. Pettersen***, 49 A.3d 903 (Pa.Super. 2012), ***appeal denied***, 63 A.3d 776 (Pa. 2013).

[3] ***Commonwealth v. Pettersen***, 153 A.3d 1119 (Pa.Super. 2016) (unpublished memorandum).

1. Whether the PCRA court erred in failing to find trial counsel ineffective for failing to file pre-trial motions regarding the search of [appellant's] vehicle and cellular phone?

2. Whether the PCRA court erred in failing to find trial counsel ineffective for failing to convey and discuss plea offers to [appellant]?

3. Whether the PCRA court erred in failing to find trial counsel ineffective for failing to discuss or seek the consent of [appellant] before filing trial continuances[?]

Appellant's brief at 14 (full capitalization omitted).

We begin by noting the following standard of review, guiding our consideration of this appeal. "On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Calhoun*, 52 A.3d 281, 284 (Pa.Super. 2012) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa.Super. 2011) (internal quotation marks and citation omitted), *appeal denied*, [] 38 A.3d 823 ([Pa.] 2012). "The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review." *Commonwealth v. Johnson*, [] 966 A.2d 523, 532 ([Pa.] 2009) (internal quotation marks and citations omitted).

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012), *appeal denied*, 72 A.3d 602 (Pa. 2013).

In all three issues raised on appeal, appellant alleges separate allegations of ineffective assistance on the part of his trial counsel, Thomas Mincer, Esq.

The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668, [] (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, [] 527 A.2d 973, 975 ([Pa.] 1987). Accordingly, to prove counsel ineffective, the petitioner must demonstrate that (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.
>
> ***Commonwealth v. Busanet***, [] 54 A.3d 34 [35], 45 ([Pa.] 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the ***Pierce*** test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Roane***, 142 A.3d 79, 88 (Pa.Super. 2016), quoting

***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015), ***order vacated on other grounds***, 166 A.3d 1213 (Pa. 2017).

In his first issue on appeal, appellant avers that Attorney Mincer was ineffective for failing to file a pretrial ***omnibus*** suppression motion to

suppress a New Jersey speeding ticket that appellant contends was recovered from his vehicle, which police allegedly searched without a search warrant and the contents of appellant's cell phone, which appellant argues were obtained without a search warrant. (Appellant's brief at 23.) Appellant further alleges that the Commonwealth then used the evidence improperly seized to establish a timeline at trial of appellant's whereabouts at the approximate time of his crimes. (*Id.*)

Appellant provides very little discussion as to the arguable merit of his claim; rather, appellant baldly asserts that the "evidence obtained from [appellant's] vehicle and cellular phone was obtained without first obtaining a search warrant, in violation of [appellant's] Constitutional guarantees as set forth in the Pennsylvania Constitution." (*Id.* at 24-25.) Appellant provides no facts as to the nature of the search of appellant's vehicle and no argument as to whether any exceptions to the warrant requirement did or did not apply. Moreover, the PCRA court noted that Attorney Mincer "specifically testified that he discussed the possibility of pre-trial motions with [a]ppellant and that [a]ppellant did not wish to file any." (PCRA court opinion, 5/2/18 at 4.) Throughout its Rule 1925(a) opinion, the PCRA court notes multiple times that it found Attorney Mincer's testimony to be credible. (*See id.* at 6-7.)

Accordingly, we find that the PCRA court's findings are supported by the record. Therefore, appellant's first issue lacks arguable merit.

In his second issue on appeal, appellant contends that Attorney Mincer rendered ineffective assistance because he failed to convey and discuss plea offers with appellant. (Appellant's brief at 28-29.) In the context of plea offers, in order to be entitled to relief for ineffective assistance of counsel, a petitioner must establish that "(1) an offer for a plea was made; (2) trial counsel failed to inform him of such offer; (3) trial counsel had no reasonable basis for failing to inform him of the plea offer; and (4) he was prejudiced thereby." *Commonwealth v. Chazin*, 873 A.2d 732, 735 (Pa.Super. 2005), *appeal denied*, 887 A.2d 1239 (Pa. 2005), quoting *Commonwealth v. Copeland*, 554 A.2d 54, 61 (Pa.Super. 1988), *appeal denied*, 565 A.2d 1165 (Pa. 1989).

Here, the PCRA court noted that Attorney Mincer testified as follows:

> I did discuss with [appellant's] parents and [appellant] — [appellant] specifically whether he would accept any type of plea. I discussed potential pleas that I thought we could try to get through. However, the [Commonwealth] would not discuss a specific plea with me unless [appellant] would agree that he would take a plea. [Appellant] told me all the way through the process that he would not take a plea.

PCRA court opinion, 5/2/18 at 5, quoting notes of testimony, 10/6/17 at 13-14. The PCRA court further noted that Attorney Mincer had encouraged appellant to authorize plea negotiations with the Commonwealth and that appellant elected not to authorize such negotiations. (PCRA court opinion, 5/2/18 at 6.)

- 6 -

The PCRA court also specifically found Attorney Mincer's testimony to be credible. (*Id.*) The record before us contains ample basis for such a determination. Accordingly, we find that the PCRA court's findings are supported by the record and are free of legal error. Therefore, appellant's second issue is without merit.

In his third and final issue on appeal, appellant contends that the PCRA court erred when it did not find Attorney Mincer to be ineffective for failing to discuss or seek the consent of appellant before filing trial continuances. (Appellant's brief at 29-32.) Appellant further argues that these continuances violated his right to a speedy trial. (*Id.* at 30.)

As noted above, in order to obtain relief under the PCRA for ineffective assistance of counsel, a petitioner must plead and prove that counsel lacked a reasonable basis for his or her action or inaction.

> "Relating to the reasonable basis prong, [g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests." **Commonwealth v. Koehler**, [], 36 A.3d 121, 132 ([Pa.] 2012) (quotations and citation omitted). "Courts should not deem counsel's strategy or tactic unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Id.** (quotations and citation omitted).

**Commonwealth v. Durrett King**, ___ A.3d ___, 2018 WL 4102591 at *2 (Pa.Super. 2018).

Here, the PCRA court determined that Attorney Mincer had a reasonable basis for filing continuances in this case, summarizing Attorney Mincer's testimony as follows:

> [Attorney Mincer] testified that some of the first continuances he requested would have been very early in the case, and neither the Commonwealth nor [appellant] would have been ready to proceed to trial. [(Notes of testimony, 10/6/17 at 26.)] Furthermore, [Attorney Mincer] was waiting to proceed to trial upon receipt of DNA results as he was hoping for the results to show third-party DNA . . . which would exonerate [a]ppellant. [(*Id.* at 17.)] Finally, [Attorney Mincer] testified that he requested at least one trial continuance due to his own illness, which was confirmed by the record showing a trial continuance was submitted from the March 2011 trial term to the May 2011 trial term. [(*Id.*)]

PCRA court opinion, 5/2/18 at 7.

Upon our review of the record, we find that there is ample evidence to provide a basis for the PCRA court's determination. Accordingly, the PCRA court's determinations are supported by the record and are free from legal error. Therefore, because appellant failed to demonstrate that Attorney Mincer's decisions to request continuances did not have a reasonable basis, his third issue must fail.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/11/19