J-S27009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARC A. CHEESEMAN | : | |
| | : | |
| Appellant | : | No. 3142 EDA 2024 |

Appeal from the PCRA Order Entered November 12, 2024
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0002325-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARC ANTHONY CHEESEMAN | : | |
| | : | |
| Appellant | : | No. 3143 EDA 2024 |

Appeal from the PCRA Order Entered November 12, 2024
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0003016-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARC A. CHEESEMAN | : | |
| | : | |
| Appellant | : | No. 3144 EDA 2024 |

Appeal from the PCRA Order Entered November 12, 2024
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0003010-2022

BEFORE:   STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED JANUARY 15, 2026**

In these consolidated appeals, Appellant, Marc Anthony Cheeseman, seeks review of an order denying him post-conviction relief,[1] namely, the reinstatement of his right to a direct appeal in the three above-captioned matters. He argues primarily that he is entitled to this relief due to receiving untimely notice that prior counsel would be filing an ***Anders*** brief[2] and withdrawing from representation. Finding that Appellant has failed to show how prior counsel's performance in that regard, albeit deficient, adversely affected the outcome of his direct appeals, we affirm.

This Court previously summarized the underlying case facts as follows:

> At Docket 2325-2020, Appellant entered a guilty plea on April 21, 2022, to driving under the influence ("DUI") as a first offense and driving with a suspended license as a third offense. Sentencing was deferred for multiple reasons, including Appellant's arrest on the charges related to Docket 3010-2022. On September 19, 2022, Appellant entered guilty pleas at the remaining dockets. Specifically, at Docket 3010-2022, he pled guilty to theft by deception, identity theft, and misrepresentation of a member of the military. The underlying facts were that Appellant fueled a gambling addiction by conning an elderly couple into loaning him over $319,000 between 2017 and 2020. To do so, Appellant provided fraudulent documents to the couple claiming that he was

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant asserted his claims under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] In this memorandum, an "***Anders*** brief" will refer to a brief submitted by counsel in accordance with the filing and notice requirements outlined in ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009) .

a veteran and former union carpenter, that he needed the money to unfreeze his military pension and union pension, and that he had the ability to repay. At Docket 3016-2022, he pled guilty to driving with a suspended license as a third or subsequent violation and vehicle registration suspended. Sentencing was again deferred, this time for Appellant to obtain mitigation evidence.

On January 19, 2023, the court sentenced Appellant as follows at all three docket numbers:

- Docket 3010-2022: four to ten years of incarceration for theft by deception, followed by twenty-four months of probation for identity theft and twelve more months for the misrepresentation conviction;

- Docket 3016-2022: six to twelve months of incarceration for driving with a suspended license, to run consecutively to the sentence imposed at Docket 3010-2022;

- Docket 2325-2020: six to twelve months of incarceration for driving with a suspended license, to run consecutively to the other periods of incarceration, and a concurrent term of six months of probation for DUI.

In total, the trial court sentenced Appellant to an aggregate term of incarceration of five to twelve years, followed by thirty-six months of probation. He was also ordered to pay restitution at Docket 3010-2022. Appellant timely filed post-sentence motions asking the court to reconsider the sentence imposed in light of a new psychological evaluation. The court held a hearing, during which it reviewed the evaluation and heard Appellant's request for a shorter prison sentence to begin working to be able to repay the restitution. The court found that no new evidence had been presented that would convince it to alter the sentences imposed and that Appellant would most benefit from long-term treatment in a state institution. Therefore, the court denied the motions.

***Commonwealth v. Cheeseman***, Nos. 1095 EDA 2023, 1096 EDA 2023, 1097 EDA 2023 at *3 (Pa. Super. filed January 30, 2024) (unpublished memorandum) (internal citations omitted).

Appellant timely appealed, and on May 30, 2023, Appellant's prior counsel filed a statement of intent to file an **Anders** brief rather than a 1925(b) statement of issues complained of on appeal; counsel also petitioned this Court to withdraw from representation. Both the trial court and Appellant's prior counsel had agreed that there were no meritorious issues to raise on direct appeal.

Appellant did not file a response either to prior counsel's petition to withdraw, or to prior counsel's notice of intent to file an **Anders** brief. **See id**., at *4. This Court upheld Appellant's judgments of sentence on January 30, 2024, after having made our own independent review of the record. Prior counsel was also permitted to withdraw. **See id**., at **5-9.

On April 18, 2024, Appellant filed a *pro se* petition seeking relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA). Appellant alleged therein that his prior counsel had been ineffective. Counsel was appointed to represent Appellant during the PCRA proceedings, and an amended PCRA petition was then filed on his behalf.

The amended PCRA petition included the new claim that Appellant's prior counsel had been ineffective by failing to properly serve him with the **Anders** brief, and by failing to notify Appellant of his right to proceed *pro se*, to retain new counsel, and to present additional grounds for relief in his direct appeals. At a hearing on the amended PCRA petition, the evidence indisputably established that Appellant did not receive timely notice of the filing of the **Anders** brief, or of his concomitant appellate rights. Nevertheless, the PCRA

court denied the amended PCRA petition on November 12, 2024, and a timely notice of appeal was filed. The PCRA reasoned in its 1925(a) opinion that Appellant had failed to prove that the lack of notice caused him any prejudice in his direct appeals. *See* PCRA Court 1925(a) Opinion, 1/7/205, at 5-6.

Appellant now raises three related issues in his brief concerning the lack of notice regarding the filing of an *Anders* brief and his appellate rights:

**I.** Did the [PCRA] court err in denying Appellant the right to a reinstatement of his direct appeal rights when, as a result of his counsel's failure to properly address the letter and envelope that contained the mandatory notices of an appellant's rights required with the filing of an *Anders* brief, [Appellant] did not receive the notices?

**II.** Did the [PCRA] court err in not reinstating [Appellant's] direct appeal rights when [Appellant] proved that he did not receive notice of those rights; the error counsel made when not sending those rights to [Appellant], if revealed to the Superior Court in a timely fashion, would have resulted in an order from Superior Court to counsel to give [Appellant] the notice before it ruled on the merits of the appeal?

**III.** Did the [PCRA] court err in failing to find that Appellant was deprived of his rights to due process and effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1 and 9 of the Pennsylvania Constitution, and his right to appeal under Article V, § 9 of the Pennsylvania Constitution when, as a result of his counsel's failure to properly address the letter and envelope that contained the mandatory notices of an appellant's rights required with the filing of an *Anders* brief, [Appellant] did not receive the notices?

Appellant's Brief, at 5 (suggested answers omitted).

Having reviewed the record and the applicable law, Appellant's claims may be condensed into the single dispositive ground – whether trial counsel's error resulted in prejudice, as that term is defined for purposes of the PCRA.

The PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when [the PCRA] takes effect[.]" 42 Pa.C.S.A. § 9542. "On appeal from the denial of PCRA relief, [this Court's] standard of review calls for [it] to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (quoting *Commonwealth v. Calhoun*, 52 A.3d 281, 284 (Pa. Super. 2012)).

A claim of ineffective assistance of counsel is cognizable under the PCRA. *See* Pa.C.S.A. § 9543(a)(2)(ii). Counsel is presumed effective, and a PCRA petitioner has the burden of proving otherwise by a preponderance of the evidence. *See Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011). "[T]he ultimate focus of this inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Commonwealth v. Kimball*, 724 A.2d 326, 330 (Pa. 1999) (quoting *Strickland v. Washington*, 466 U.S. 668, 696 (1984)). A reviewing court must consider "whether, despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process

that our system counts on to produce just results." *Id*. (citing *Strickland*, 466 U.S. at 696).

To prevail on an ineffectiveness claim, a PCRA petitioner must plead and prove three prongs: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable or strategic basis for her action or inaction; and (3) the petitioner suffered prejudice due to counsel's deficient performance. *See Commonwealth v. Williams*, 980 A.2d 510, 520 (Pa. 2009); *see also Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). Failing to satisfy any single prong of this test is fatal to an ineffectiveness claim. *See Commonwealth v. Gonzalez*, 858 A.2d 1219, 1222 (Pa. Super. 2004).

Prejudice in this context means a "reasonable probability that the outcome of the proceeding would have been different but for counsel's action or inaction." *Commonwealth v. Brown*, 161 A.3d 960, 965 (Pa. Super. 2017) (quoting *Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011)); *see also Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (same). "[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 84 A.3d 294, 311-12 (Pa. 2014) (quoting *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010)).

Crucially, our Supreme Court has emphasized that a PCRA petitioner may be entitled to the *nunc pro tunc* reinstatement of direct appeal rights where counsel's deficient performance has resulted in "***the total failure of***

***an appeal*** requested by the client." ***Commonwealth v. Reaves***, 923 A.2d 1119, 1128 (Pa. 2007) (emphasis added). In this scenario, PCRA prejudice may be *presumed*, and a petitioner need not prove that the outcome of that stage of the proceedings would have been different but for counsel's action or inaction. ***See id***. (citing ***Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999)).

Conversely, the presumption of prejudice does *not* arise where "a lapse by counsel . . . merely narrows the review made available." ***Id***. "The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption [of prejudice only] in the more extreme instance." ***Id***. (quoting ***Commonwealth v. Halley***, 870 A.2d 795, 801 (Pa. 2005)); ***see also Commonwealth v. Hernandez***, 755 A.2d 1, 9 n.4 (Pa. Super. 2000) ("[A] PCRA petitioner is entitled to an appeal *nunc pro tunc* where prior counsel's actions, in effect, entirely denied his right to a direct appeal, as opposed to a PCRA petitioner whose prior counsel's ineffectiveness may have waived one or more, but not all, issues on direct appeal.").

In Appellant's direct appeal, this Court aptly summarized the procedures that govern the filing of an ***Anders*** brief, including the notice requirements implicated in the present case:

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might

arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Cheeseman*, Nos. 1095 EDA 2023, 1096 EDA 2023, 1097 EDA 2023 at *4

(quoting *Commonwealth v. Cook*, 175 A.3d 345, 348 (Pa. Super. 2017));

*see also Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)

(setting forth the procedural requirements for the filing of an *Anders* brief).

Although Appellant's prior counsel performed deficiently in failing to fulfill these notice requirements, Appellant has not established the prejudice prong of his ineffectiveness claim.[3]  As discussed above, this prong requires a showing that there is a reasonable probability that the outcome of the proceeding at issue (here, the direct appeals) would have been different but for counsel's lapse.  *See Reaves*, 923 A.2d at 1128.

---

[3] The Commonwealth has conceded that Appellant's counsel on direct appeal did not provide him with timely notice that an *Anders* brief had been filed on his behalf.

Again, Appellant is seeking relief under the PCRA, and only PCRA relief is available at this stage of the proceedings. Prejudice is a necessary prong of Appellant's ineffectiveness claims, as he was not completely foreclosed from appellate review due to prior counsel's conduct. On direct appeal, this Court thoroughly reviewed the record and determined that any possible direct appeal claim would have been frivolous. Now, even with the benefit of counsel and additional time to review the record, Appellant still has not presented any basis on which this Court could find that Appellant's direct appeals would have turned out differently had prior counsel's error not occurred.

To the extent that Appellant argues he was presumptively prejudiced by prior counsel's mistake, **see** Appellant's Brief, at 20,[4] the claim would have no merit. To demonstrate presumptive prejudice in the context of a direct appeal, a PCRA petitioner must prove that counsel's deficient performance resulted in a complete deprivation of appellate review. **See generally Reaves**, 923 A.2d at 1128.

Appellant, in fact, received the benefit of a fully perfected appeal, as well as an independent review of the record by this Court. **See Cheeseman**, Nos. 1095 EDA 2023, 1096 EDA 2023, 1097 EDA 2023, at *5-9. Accordingly, this was not a situation in which all of Appellant's claims were completely waived on direct appeal, precluding this Court from undertaking any merits

---

[4] Appellant suggests in his brief that "the prejudice prong [of a PCRA claim] need not be met." Appellant's Brief, at 20. We note that Appellant cited no legal authority for the proposition that prejudice may be presumed under the instant facts.

consideration of appellate claims. Rather, the judgments of sentence were upheld upon this Court's finding that any appellate claims on direct appeal would have been frivolous. This Court arrived at that conclusion by considering the merits of potential issues concerning the legality of Appellant's sentence, the validity of his plea, and the discretionary aspects of his sentence. ***See id***.

We likewise conclude here that Appellant has failed to show that he is entitled to PCRA relief. His central contention is that prior counsel's lapses deprived him of the right to retain another attorney, proceed *pro se*, or raise additional issues on direct appeal. Reinstatement of direct appeal rights, *nunc pro tunc*, cannot be granted to remedy an action of counsel which "merely narrows the review made available." ***Reaves***, 923 A.2d at 1128. Thus, the PCRA court did not err in denying Appellant's petition, and the order on review must stand.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2026